UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN DIXIE STORES, INC.          Case No. 3:04-cv-194-J-33MCR
ERISA LITIGATION                 ERISA Civil Actions

_____/

## ORDER

This cause comes before the Court pursuant to the Motion for
Protective Order by Defendants Richard P. McCook, Frank Lazaran,
and Allen P. Rowland (Doc. # 75), and pursuant to the Lead
Plaintiffs' Motion in Support of Proposed Discovery Plan and
Incorporated Memorandum of Law (Doc. # 77).  Defendants filed their
motion on May 4, 2007, and Plaintiffs filed their motion on May 7,
2007.  Defendants request an order protecting them from responding
to Plaintiffs' interrogatories and requests for production until
fifteen days after the Court rules on Defendants' recently filed
motion to dismiss.  (Doc. # 75, at 1.)  Plaintiffs request that the
Court adopt Plaintiffs' proposed discovery plan contained in the
parties' case management report (Doc. # 71), filed on April 26,
2007.  (Doc. # 77, at 1.)  In the case management report,
Plaintiffs proposed that discovery proceed concurrently with motion
practice in this case.  (Doc. # 71, at 2-5.)  For the reasons that
follow, Defendants' motion is due to be denied and Plaintiffs'
motion is due to be granted to the extent that it requests that

1

discovery proceed concurrently with motion practice.

Defendants request a protective order pursuant to Federal Rule of Civil Procedure 26(c). (Doc. # 75, at 9.) Under that rule, the Court may enter a protective order "for good cause shown." Fed. R. Civ. P. 26(c). The party seeking a protective order "bears the burden of showing good cause and reasonableness." McCabe ex rel. Fidelity Nat'l Fin., Inc. v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Thus, it is Defendants' burden to show good cause for a protective order.

Defendants attempt to show good cause by asserting that "[c]ontrolling authority from the Eleventh Circuit directly on point is clear: Defendants should not be required to respond to discovery until the Court rules on a dispositive motion to dismiss." (Doc. # 75, at 5.) In support, Defendants cite three Eleventh Circuit cases: Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267 (11th Cir. 2005), Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002), and Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997). These cases, however, do not establish a broad general rule that discovery should not proceed while a motion to dismiss is pending. Instead, they stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.

In Chudasama, the plaintiffs brought a claim under a novel legal theory. 123 F.3d at 1359 n.12, 1369 n.39. This claim

"substantially widened the scope of discovery." Id. at 1360. The defendants filed a motion to dismiss, but the district court never ruled on the motion. Id. Rather, the district court expressed a desire to continue with discovery before ruling. Id. The circuit court, though, "conclude[d] that [the plaintiffs'] claim was dubious enough to require the district court to rule on [the] motion to dismiss prior to entering [an order compelling discovery]." Id. at 1369. By refusing to do so, the district court abused its discretion. Id. The Eleventh Circuit articulated a standard for district courts to follow under similar circumstances: "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." Id. at 1368. The Chudasama opinion focused on two characteristics of the questioned claim: its dubiousness, and the fact that it would unduly widen discovery. Where these two characteristics are present, a district court should, if possible, endeavor to dispose of a questioned claim before discovery costs become excessive.

In Cotton, the Eleventh Circuit reinforced its holding in Chudasama that courts should dispose of dubious claims before discovery costs become overly burdensome. The district court in Cotton had decided an issue that, as a practical matter, compelled the conclusion that certain of the plaintiffs' claims could not stand. 402 F.3d at 1291-92. Because those claims obviously could

not stand given the district court's earlier decision, the circuit court determined that it was an abuse of discretion for the district court to delay ruling on the defendant's challenges to those claims while allowing discovery to continue.  Id. at 1292. By focusing on the obviousness of the failure of the questioned claims in Cotton, the Eleventh Circuit made clear that discovery should be stayed pending the outcome of a motion to dismiss where a court is confident that the motion will ultimately be successful.[1]

In a footnote in Horsley, the Eleventh Circuit approved a district court's decision to suspend discovery pending resolution of a facial challenge to the sufficiency of the complaint.  304 F.3d at 1131 n.2.  The circuit court simply found that the district court had not abused its discretion, id., not that a discovery stay was always proper during the pendency of a motion to dismiss. Thus, the line of cases cited by Defendants does not support Defendants' implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss.  At most, these cases support a discovery stay -- in the district court's discretion, id. -- when an especially dubious claim would unduly expand the scope of discovery.  Having reviewed the complaint and the motion to dismiss, the Court declines to find the challenged

---

[1]Of course, this is just another way of saying that the claim is dubious, the formulation chosen by the Chudasama court.

claims sufficiently dubious that the Court must stay discovery pending resolution of Defendants' motion to dismiss. Because Defendants do not advance any other "good cause" under Rule 26(c), the Court declines to impose a discovery stay.

However, even if the claims were dubious, the unique posture of this case makes a discovery stay impractical. This case was first filed in March of 2004, but the matter was stayed from February 2005 until April 2007 due to the bankruptcy of Winn-Dixie. Given the length of time this case has been pending, further delays in litigation are not easily justified. It would not be possible to decide the complex issues presented by Defendants' motion to dismiss prior to discovery without imposing an unreasonable delay in this litigation. Cf. Chudasama, 123 F.3d at 1368 (stating that dubious claims should be eliminated before discovery "if possible"). As a result, even if the claims in this case were dubious, the Court would exercise its discretion to ensure that this case moves to a timely and orderly conclusion. See Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

Finally, the Court notes that Judge Schlesinger, who presided over this case before it was transferred to this Court, denied

Defendants' earlier motions to stay discovery in January 2005. (Doc. # 35.)  "[O]verturning the ruling of a predecessor judge is an exceptional step, not to be taken lightly." <u>Global Access Ltd. v. AT&T Corp.</u>, 987 F. Supp. 1459, 1461 (S.D. Fla. 1997); <u>accord Stevenson v. Four Winds Travel, Inc.</u>, 462 F.2d 899, 904-05 (5th Cir. 1972).

For these reasons, the Court declines to enter a protective order broadly staying discovery until after the resolution of Defendants' motion to dismiss.  However, should further disputes arise, the Court will entertain motions challenging particular discovery requests.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.  Defendants' Motion for Protective Order (Doc. # 75) is hereby **DENIED**.

2.  Plaintiffs' Motion in Support of Proposed Discovery Plan is hereby **GRANTED** to the extent that it requests that discovery proceed concurrently with motion practice.

3.  Discovery shall proceed in this case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>28th</u> day of June 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record