UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:
WINN-DIXIE STORES, INC.,
ERISA LITIGATION                              Case No.  3:04-cv-194-J-33MCR
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Strike the Jury Demand in Plaintiffs' Amended Complaint (Doc.93) filed June 25, 2007.  Plaintiffs filed a response (Doc. 102) on July 10, 2007 and Defendants filed a reply (Doc. 109) on July 18, 2007.  Accordingly, this matter is ripe for review.

Defendants request this Court enter an Order striking Plaintiffs' demand for a jury trial.  (Doc. 93).  Defendants argue the Eleventh Circuit prohibits jury trials on claims brought under ERISA.  Id.  Plaintiffs, on the other hand, assert they are attempting to preserve their right to a jury trial on any issues which are determined by this Court to be triable by a jury.  (Doc. 102, p. 1).  Plaintiffs note that this case is currently set for a non-jury trial, but they wish to preserve their right to a jury trial in the event the Court determines they have a Seventh Amendment right to a jury trial.  In support for their contention that such a right might exist, Plaintiffs cite to various cases where courts have permitted jury trials on claims brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B).  Id. at 3-4.  Moreover, Plaintiffs argue that because issues in this case overlap with those in a related case, i.e., In re Winn-Dixie Stores, Inc. Sec. Litig., Case No. 3:04-cv-71-VMC-MCR (the "Securities Action"), these cases may be

tried simultaneously and thus, Plaintiffs wish to preserve their right to a jury trial on the common factual issues.  Id. pp. 4-5).

In their Amended Complaint, Plaintiffs assert claims against Defendants for breach of fiduciary duties under ERISA. (Doc. 87, pp. 2, 33-35).  The Eleventh Circuit has held time and time again that relief under ERISA is limited to equitable remedies and there is no right to a trial by jury.  See Broaddus v. Florida Power Corp., 145 F.3d 1283, 1287 n. ** (11th Cir. 1998) (holding that the district court was correct in striking plaintiff's demand for jury trial because relief under ERISA is limited to equitable remedies) (internal citations omitted); Stewart v. KHD Deutz of America Corp., 75 F.3d 1522, 1527 (11th Cir. 1996) ("[N]o Seventh Amendment right to a jury trial exists in actions brought pursuant to ERISA."); Chilton v. Savannah Foods & Indust., Inc., 814 F.2d 620, 623 (11th Cir. 1987) (holding no right to jury trial exists under ERISA); Jacobs v. Blue Cross and Blue Shield of Iowa, 835 F. Supp. 1381, 1382 (M.D. Fla. 1993) (striking plaintiff's demand for a jury trial because plaintiff is not entitled to a jury trial under ERISA).

Although Plaintiffs are correct that several district courts have allowed jury trials in claims brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B), see e.g. Gangitano v. NN Investors Life Ins. Co., Inc., 733 F. Supp. 342, 343 (S.D. Fla. 1990), these courts have likened the relief sought pursuant to ERISA § 502(a)(1)(B) to relief which is legal in nature.  Plaintiffs' claims, however, implicate entirely different sections of ERISA, i.e., § 502(a)(2) & (3) , 29 U.S.C. § 1132 (a)(2) &(3) (Doc. 87, pp. 2, 33-35), and Eleventh Circuit precedent is clear – Plaintiffs' ERISA claims are equitable

in nature and thus, Plaintiffs have no right to a jury trial. Broaddus, 145 F.3d at 1287 n. **.

Plaintiffs may not preserve their right to a jury trial in this case when no such right exists at this time. This matter is currently set for a bench trial before Judge Hernandez Covington for the trial term beginning July 7, 2008. In the unlikely event that this case is simultaneously tried with the Winn-Dixie Securities Litigation, the Court will decide at that time how to handle common factual issues. As such, Defendant's Motion to Strike is due to be granted.

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion to Strike the Jury Demand in Plaintiffs' Amended Complaint (Doc.93) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  24th  day of July, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party