```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

IN RE:

WINN-DIXIE STORES, INC.
ERISA LITIGATION                    Lead case: 3:04-cv-194-J-33MCR
                                           Member cases:
                                           3:04-cv-308-J-33HTS
                                           3:04-cv-195-J-33JRK

_____/

## ORDER PRELIMINARILY APPROVING
**SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING FORM OF CLASS NOTICE AND SCHEDULING FAIRNESS HEARING**

This matter comes before the Court pursuant to Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement (Doc. # 129), which was filed on December 7, 2007. The pending motion seeks this Court's preliminary approval of the settlement (the "Settlement") of this class action (the "Action") asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), with respect to the Winn-Dixie Stores, Inc. Profit Sharing / 401(k) Plan (the "Plan") as against Defendants Allen R. Rowland, Frank Lazaran, and Richard P. McCook (collectively, the "Defendants"). The terms of the Settlement are set out in a Stipulation of Settlement (the "Stipulation of Settlement")(Doc. # 129-2) which has been executed by counsel for Plaintiffs Irving Bailey and JoAnn H. Smith ("Plaintiffs") and counsel for Defendants (collectively with Plaintiffs, the "Parties").[1]

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation of

After thoroughly reviewing the motion and all attachments as well as the record as a whole, the Court finds it appropriate to grant the motion as follows:

**1.   Jurisdiction**.   The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Members of the Settlement Class.

**2.   Class Findings**.   The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

> The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.
>
> Based on allegations in Plaintiffs' Second Amended Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.
>
> Based on allegations in Plaintiffs' Second Amended Complaint, the Court preliminarily finds that Defendants engaged in uniform conduct affecting members of the proposed Settlement Class, and the Court finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.
>
> Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there are no conflicts between or

---

Settlement.

among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions of this type.

The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**3.     Class Certification**. Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (the "Settlement Class"):

> All persons who were participants in the Plan at any time between May 6, 2002 and March 17, 2004, and who invested in, or whose accounts held shares of, the Winn-Dixie Stock Fund, excluding any and all Defendants in this Action, and any legal representatives, heirs, predecessors, and assigns of Defendants.

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).

Further, as required by Fed. R. Civ. P. 23(g), this Court appoints Jacqueline Sailer, Scott E. Poynter, and William Federman as Class Counsel, and in making this determination, the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's

experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this action (breach of fiduciary duty claims that pertain to the Plan's investment in company stock); and (iv) the resources Class Counsel has committed to representing the class.[2] Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court preliminarily designates Class Counsel as class lead counsel with respect to the Settlement Class in this action.

The Court finds that Plaintiffs Irving Bailey and JoAnn H. Smith are adequate class representatives of the Settlement Class and, therefore, hereby appoints Plaintiffs as the representatives of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Members of the Settlement Class shall be bound by any

---

[2] Jacqueline Sailer is a partner at the law firm of Murray, Frank, and Sailer, LLP located at 275 Madison Avenue, Suite 801, New York, New York 1006.  Scott E. Poynter is a partner at the law firm of Emerson Poynter, LLP located at the Museum Center, 500 President Clinton Avenue, Suite 305, Little Rock, Arkansas 72201. William B. Federman is a partner at the law firm of Federman & Sherwood, located at 10205 N. Pennsylvania Avenue, Oklahoma City, Oklahoma 73120.

judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

4.     **Preliminary Approval of Settlement**.  The Settlement documented in the Stipulation of Settlement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that (a) the proposed Settlement resulted from extensive arm's-length negotiations over numerous months; (b) the Stipulation of Settlement was executed only after Class Counsel had conducted both formal and informal discovery and researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Stipulation of Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

5.     **Fairness Hearing**.  A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on **March 12, 2008 at 2:00 p.m. in Courtroom 10D** at the United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, to determine finally, among other things:

> Whether the Settlement should be approved as fair, reasonable, and adequate;

Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;

Whether the Final Approval Order attached to the Stipulation of Settlement should be entered and whether the Releases should be released of and from the Released Claims, as provided in the Stipulation of Settlement;

Whether the notice, and notice methodology implemented pursuant to the Stipulation of Settlement (i) was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation of Settlement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

Whether the proposed Plan of Allocation of the Settlement Fund is fair, reasonable and adequate and should be approved by the Court;

Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b) and/or qualify for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;

>   Whether the payment and distribution of the Settlement Amount, as allocated in the Plan of Allocation incorporated in the Stipulation of Settlement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45;
>
>   Whether the application for attorney fees and expenses to be filed by Class Counsel should be approved; and
>
>   Any other issues necessary for approval of the Settlement.

**6.   Class Notice**.   The Parties have presented to the Court a proposed Class Notice (Doc. # 129-2).  The Court substantially **APPROVES** the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Stipulation of Settlement and of the Settlement, (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (3) describes how the recipients of the Class Notice may object to approval of the Settlement.[3]  The Parties have proposed the following manner of communicating the notice to

---

[3] At this point, the proposed notice lacks the date of the fairness hearing and corresponding deadlines.  This is to be expected because the date for the fairness hearing was not yet determined when the proposed notice was filed.  The proposed notice must be complete before it is sent to the members of the Settlement Class.  In addition to providing the date of the fairness hearing, the deadline for filing objections, and the deadline for filing notices of intention to appear at fairness hearing, the proposed notice must provide the telephone number, website, and e-mail address that are currently denominated in the proposed notice as "1-8XX-XXX-XXXX,"  "www.NAMEOFWEBSITE.com," and "someemailaddress@someserver.com."

Prior to disseminating the proposed notice to the Settlement Class, or posting it on the website, the parties shall file the notice with all deadlines and contact information for the Court's review.

members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Class Counsel shall:

> By no later than 45 days before the Fairness Hearing, cause the Class Notice, with such nonsubstantive modifications thereto as may be agreed upon by the Parties, be disseminated pursuant to the Settlement Stipulation, to the last known address of each person in the Settlement Class who can be identified by reasonable effort. Defendants shall use reasonable efforts to assist Class Counsel in obtaining the names and last known addresses of the members of the Settlement Class promptly following the entry of this Order.
>
> By no later than 45 days before the Fairness Hearing, cause the Class Notice to be published on the website identified in the Class Notice.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

**7.    Objections to Settlement**. "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation contained within the Stipulation of Settlement, to any term of the Stipulation of Settlement, or to the proposed award of attorney fees and expenses. Any Objector must file with the Court a sworn statement of his, her, or its objection(s), specifying the dates of participation in the Plan, and dates of employ within Winn-Dixie Stores, Inc., and the reason(s) for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. The Objector must also mail the

objection and all supporting law and/or evidence to counsel for the Parties, as stated below.  The addresses for filing objections with the Court and service on counsel are as follows:

| COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the United States District Court 300 North Hogan Street Jacksonville, FL  32202 | Scott E. Poynter Emerson Poynter LLP The Museum Center 500 President Clinton Avenue Suite 305 Little Rock, AR 72201 | H. Douglas Hinson Peter M. Varney Alston & Bird LLP 1201 West Peachtree Street Atlanta, GA 30309-3424 |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court by no later than 15 days before the date of the Fairness Hearing.  Any Member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

**8.     Appearance at Fairness Hearing**.  Any Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the

Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court by no later than 15 days before the date of the Fairness Hearing. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Parties' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

**9.     Response to Objectors:**   Class Counsel shall respond to any Objector 7 days before the Fairness Hearing.

**10.    Notice Expenses**.   The expenses of effectuating Class Notice shall be paid from the Settlement Fund. Class Counsel shall provide an accounting of such expenses at the Fairness Hearing.

**11.    Fees and Expenses Incurred by the Independent Fiduciary**. The Court understands that an Independent Fiduciary has been retained by the Plan Administrative Officer for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. Defendants have caused or will cause to be paid all fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professional retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan.

**12. Application for Attorney Fees**.  Any application by Class Counsel for attorney fees and reimbursement of expenses, and all papers in support thereof, shall be filed with the Court and served on all counsel of record no less than 7 days before the Fairness Hearing.  Copies of such materials shall be available for inspection at the office of the Clerk of this Court.

**13. Injunction**.  Pending final determination of whether the Settlement should be approved, all members of the Settlement Class and the Plans are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Settled Claim against any Releases.  This injunction shall not bar the Members of the Settlement Class from participating in or benefitting from any judgment, settlement, or recovery arising out of In re: Winn-Dixie Stores, Inc. Sec. Litig., Case No. 3:04-cv-71-J-33MCR (M.D. Fla.).

**14. Termination of Settlement**.  If the Settlement is terminated in accordance with the Stipulation of Settlement or does not become Final under the terms of the Stipulation of Settlement for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**15. Use of Order**.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**16. Continuance of Hearing**.  The Court reserves the right to continue the Fairness Hearing without further written notice.

**17. Summary of Deadlines**.  This Court has selected March 12, 2008 the date for the Fairness Hearing.  The Class Notice shall be provided to the Settlement Class on or before January 25, 2008.  All objections to the Settlement must be filed on or before February 26, 2008.  All Notices of Intention to Appear must be filed on or before February 26, 2008.  All responses to Objections must be filed on or before March 3, 2008.  All requests for attorneys fees by Class Counsel shall be filed on or before March 3, 2008.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that:

Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement (Doc. # 129) is **GRANTED** consistent with the detailed

findings and procedures outlined above.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 12th day of December, 2007.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record