UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC. ERISA
LITIGATION

Lead Case:
3:04-cv-194-J-33MCR
Member Cases:
3:04-cv-308-J-33HTS
3:04-cv-195-J-33JRK

_____/

**ORDER**

This matter comes before the Court pursuant to Lead Plaintiffs' Motion for Final Approval of Settlement and Certification of Settlement Class (Doc. # 137) and Settlement Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses (Doc. # 138), both filed on March 5, 2008. This Court conducted a Rule 23, Federal Rule of Civil Procedure, Final Fairness hearing on March 12, 2008, and for the reasons stated at that hearing, the Court **GRANTS** the above motions (Doc. ## 137 and 138) in a manner consistent with the following analysis.[1]

**I.   Background Information**

On March 17, 2004, Plaintiff Barbara M. Dorminey, individually and on behalf of the Winn-Dixie Stores, Inc. Profit Sharing 401(K) Plan, and on behalf of a class of all other persons similarly situated filed a five-count complaint against Winn Dixie Stores, Inc, Allen R. Rowland, Frank Lazaran, Richard P. McCook. (Doc. #

---

[1] To the extent not otherwise defined herein, all terms shall have the same meaning as used in the December 3, 2007, Stipulation of Settlement (Doc. # 129-2).

1). The complaint was filed under the Employee Retirement Income Security Act of 1974 (ERISA), as Plaintiffs allege that Defendants breached fiduciary duties owed to Plaintiffs under the strictures of ERISA. On August 31, 2004, the present case (3:04-cv-194) was consolidated with two other ERISA cases involving Winn Dixie: 3:04-cv-195 and 3:04-cv-308. (Doc. # 23).

On November 22, 2005, before an answer to the complaint was filed, Winn Dixie filed a notice of commencement of Bankruptcy case under Chapter 11 of the Bankruptcy Code. (Doc. # 40). On May 10, 2005, this case was stayed pending Winn Dixie's bankruptcy proceedings. (Doc. # 54). Winn Dixie's Joint Plan of Reorganization became effective on November 21, 2006. The Bankruptcy Court disallowed Plaintiffs' claims against Winn Dixie on December 14, 2006. On April 5, 2007, the stay in this case was lifted. (Doc. # 64). On May 21, 2007, Winn Dixie was dismissed from this case with prejudice consistent with the Bankruptcy Court's determinations, (Doc. # 81), leaving as defendants only the individual Defendants: Allen R. Rowland, Frank Lazaran, and Richard McCook.

## II. **Class Settlement**

On July 11, 2007, this Court referred the parties to mediation. (Doc. # 103). On November 13, 2007, the parties filed a notice indicating that they reached a settlement during mediation (Doc. # 124). The parties sought to file an amended complaint as

a component of the settlement. (Doc. # 125). The motion to amend was granted and Plaintiffs' Second Amended Consolidated Complaint (the "Amended Complaint") was filed on December 3, 2007. (Doc. # 126, 125-2). In addition, on December 7, 2007, Plaintiffs filed an unopposed motion to preliminarily approve class action settlement, attaching the Stipulation of Settlement dated December 3, 2007 (the "Agreement"), among other documents. (Doc. # 129).

### A. Order Preliminarily Approving Settlement

On December 12, 2007, this Court entered an Order that, among other things, preliminarily approved the settlement, certified the settlement class, appointed Class Counsel, approved the form of class notice, and scheduled the Final Fairness hearing (the "Preliminary Order"). (Doc. # 130).

#### 1. Class Findings

The Court's Preliminary Order made the following preliminary findings:

> The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.
>
> Based on allegations in Plaintiffs' Second Amended Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.
>
> Based on allegations in Plaintiffs' Second Amended Complaint, the Court preliminarily finds that Defendants engaged in uniform conduct affecting members of the proposed Settlement Class, and the Court finds that the

3

>claims of Plaintiffs are typical of the claims of the Settlement Class.
>
>Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there are no conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions of this type.
>
>The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

(Doc. # 130 at 2-3).

### 2. **Conditional Class Certification**

The Court's Preliminary Order conditionally certified the following Settlement Class:

>All persons who were participants in the Plan at any time between May 6, 2002 and March 17, 2004, and who invested in, or whose accounts held shares of, the Winn-Dixie Stock Fund, excluding any and all Defendants in this Action, and any legal representatives, heirs, predecessors, and assigns of Defendants.

(Doc. # 130 at 3).

4

### 3. Non-Opt-Out Class

The Court's Preliminary Order found that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1). (Doc. # 130 at 3).

### 4. Class Counsel

The Court's Preliminary Order appointed Jacqueline Sailer, Scott E. Poynter, and William Federman as Class Counsel. (Doc. # 130 at 3).

### 5. Class Representatives

The Court's Preliminary Order appointed Plaintiffs Irving Bailey and JoAnn H. Smith as class representatives of the Settlement Class. (Doc. # 130 at 3).

### 6. Preliminary Approval of Settlement

The Court's Preliminary Order preliminary approved the agreement of the parties as set forth in the Stipulation of Settlement. Specifically, the Court preliminarily found that (a) the proposed Settlement resulted from extensive arm's-length negotiations over numerous months; (b) the Stipulation of Settlement was executed only after Class Counsel had conducted both formal and informal discovery and researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the parties involving

Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Stipulation of Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class. (Doc. # 130 at 5).

### 7. **Final Fairness Hearing**

The Court's Preliminary Order set the Final Fairness hearing for March 12, 2008, to determine finally, among other things:

> Whether the Settlement should be approved as fair, reasonable, and adequate;
>
> Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;
>
> Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;
>
> Whether the Final Approval Order attached to the Stipulation of Settlement should be entered and whether the Releases should be released of and from the Released Claims, as provided in the Stipulation of Settlement;
>
> Whether the notice, and notice methodology implemented pursuant to the Stipulation of Settlement (I) was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;
>
> Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and

> implementing the Stipulation of Settlement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;
>
> Whether the proposed Plan of Allocation of the Settlement Fund is fair, reasonable and adequate and should be approved by the Court;
>
> Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b) and/or qualify for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;
>
> Whether the payment and distribution of the Settlement Amount, as allocated in the Plan of Allocation incorporated in the Stipulation of Settlement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45;
>
> Whether the application for attorney fees and expenses to be filed by Class Counsel should be approved; and
>
> Any other issues necessary for approval of the Settlement.

(Doc. # 130 at 5-6).

### 8. **Notice to Class**

The Court's Preliminary Order substantially approved the parties' proposed Class Notice (Doc. # 129-2), finding that the proposed notice fairly and adequately: (1) describes the terms and effect of the Stipulation of Settlement and of the Settlement, (2) gives notice to the Settlement Class of the time and place of the

Final Fairness Hearing, and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. The Court required Class Counsel to cause the Class Notice to be disseminated to the members of the Settlement Class by no later than 45 days before the Final Fairness Hearing. (Doc. # 130 at 7-8).

Pursuant to the dictates of the Preliminary Order, the parties filed a joint notice of finalized class notice on December 28, 2007 (Doc. # 131). On January 2, 2008, this Court approved the finalized notice to the Class. (Doc. # 132). The record reflects that the notice was timely disseminated via First Class Mail to the Class (11,768 individuals) on January 25, 2008. (Doc. # 137-4).

### 9. **Objectors**

The Court's Preliminary Order defined "Objector" as any Member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation contained within the Stipulation of Settlement, to any term of the Stipulation of Settlement, or to the proposed award of attorney fees and expenses. The Court required that any Objector must file with the Court a sworn statement of his, her, or its objection(s), specifying the dates of participation in the Plan, and dates of employ within Winn-Dixie Stores, Inc., and the reason(s) for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. The Court

also required that the Objector mail the objection and all supporting law and/or evidence to counsel for the Parties. (Doc. # 130 at 8-9). The Court's Preliminary Order also set forth requirements for Objectors seeking to speak at the Final Fairness hearing.

This Court's file contains only two documents which could possibly be construed as "objections." Larry D. Eaton filed his letter to the Court on March 5, 2008 (Doc. # 137-9). Larry Eaton's letter meets the definition of an objection as set forth in this Court's Preliminary Order. In his objection, he asserts that he was employed with Winn Dixie for twenty years, he purchased common stock shares, and participated in the 401(k) plan. He asserts in the objection that he was subjected to unfairness, dishonesty, hardship, and pain by Winn Dixie. (Doc. # 137-9). Mr. Eaton Spoke at the Final Fairness hearing.

The parties provided a second document which was submitted by Terry Vidrine. (Doc. # 137-8). The document, in letter form, notes, among other things, "I object to the settlement, not enough money" (Doc. # 137-8). This "objector," however, did not follow the Court's procedures for filing objections as set forth in the Preliminary Order, and this "objector" did not attend the Final Fairness hearing.[2]

---

[2] During the course of the March 12, 2008, Final Fairness hearing, this Court inquired of the parties as to whether any objectors or other individuals were present in the Courtroom who

**10.  Notice Expenses**

The Court's Preliminary Order required that the expenses of effectuating Class Notice be paid from the Settlement Fund. (Doc. # 130 at 10).  The Preliminary Order required Class Counsel to provide an accounting of the expenses associated with effectuating Class Notice.  Class Counsel filed such an accounting on March 20, 2008. (Doc. # 141).  The cost of effectuating Class Notice was $19,000. (Doc. # 141-1).

**11.  Fees and Expenses of the Independent Fiduciary**

The Court's Preliminary Order required that Defendants pay the fees of the Independent Fiduciary, who was retained for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. (Doc. # 130 at 10).

**12.  Application for Attorney Fees**

The Court's Preliminary Order required Class Counsel to file any applications for attorneys fees and reimbursement of expenses, and all papers in support thereof no less than 7 days before the Final Fairness Hearing.

Class Counsel filed their fee application on March 5, 2008, seeking 33 and 1/3 percent (one third) of the "Net Settlement Fund." (Doc. # 138 at 1).  The Settlement Fund is $2,985,000 plus

---

wished to speak at the hearing.  The only individual, excluding counsel, who attended the hearing and sought to speak at the hearing was Mr. Eaton, and he freely testified about his experiences and feelings related to this case and other issues.

any interest that has accrued, as the funds are in an interest-bearing escrow fund. Class Counsel seeks reimbursement of $57,602.52 in "out of pocket costs and expenses." (Doc. # 138 at 1). According to declarations and other supporting materials on file, the lawyers at the firm of Murray, Frank, and Sailer LLP spent 1,551.6 hours on this case and incurred $22,673.12 in unreimbursed expenses. (Doc. # 138-2). The lawyers of Federman & Sherwood spent 893.65 hours on this case and incurred $18,779.15 in unreimbursed expenses. (Doc. # 138-3). The lawyers of Emerson Poynter LLP spent 1,188.5 hours on this case and incurred $15,540.25 in unreimbursed expenses. (Doc. # 138-4). Class Counsel correctly assert that their fees should be paid under the "common fund" doctrine as discussed in the case of <u>Camden I Condominium Assoc. v. Dunkle</u>, 946 F.2d 768 (11th Cir. 1991).

### III. **Final Approval of Settlement**

During the March 12, 2008, Final Fairness hearing, this Court once again examined the sufficiency of the class action settlement under Federal Rule of Civil Procedure 23(e), which states:

> Settlement, Voluntary Dismissal, or Compromise.
> (1)(A) The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class.
> (B) The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.
> (C) The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable,

> and adequate.
> (2) The parties seeking approval of a settlement, voluntary dismissal, or compromise under Rule 23(e)(1) must file a statement identifying any agreement made in connection with the proposed settlement, voluntary dismissal, or compromise.
> (3) In an action previously certified as a class action under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (4)(A) Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires court approval under Rule 23(e)(1)(A).
> (B) An objection made under Rule 23(e)(4)(A) may be withdrawn only with the court's approval.

During the Final Fairness hearing, this Court considered the factors enumerated by the Eleventh Circuit in <u>Bennett v. Behring Corp.</u>, 737 F.2d 982, 986 (11th Cir. 1984), and required counsel to address the following questioned as enumerated in <u>Bennett</u>. <u>Id.</u>

(1) What is the likelihood of success at trial?
(2) What is the range of possible recovery?
(3) What is the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable?
(4) What is the level of complexity, expense, and duration of the litigation?
(5) Is there any opposition to the settlement?  and
(6) At what state of the proceedings was the settlement reached?

This Court also required counsel to address the following issues, as suggested in the Manual for Complex Litigation, Fourth, § 21.62 (2004):

1. Is the settlement amount much less than the estimated damages incurred by members of the class as indicated by preliminary

    discovery or other objective measures, including settlement or verdicts in individual cases?
2. Does the defendant have an incentive to restrict payment of claims because the defendants may reclaim residual funds?
3. Have any major claims or types of relief sought in the complaint been omitted from the settlement?
4. Are any claimants who are not members of the class, such as opt-outs, or objectors receiving better treatment than the class members?
5. Are attorney's fees so high in relation to the actual class recovery that the fees suggest a possibility of collusion?
6. Have a significant number of class members raised cogent objections to the settlement?  Are there objections that counsel have access to that are not currently before the Court?

  Counsel provided thorough and complete answers to this Court's inquires. No objector provided a basis for rejecting the settlement, and this Court finds that the Agreement, as reflected in the Stipulation of Settlement, is fair, adequate, reasonable, and fully consistent with the demands of Rule 23 of the Federal Rules of Civil Procedure.

  **Accordingly, it is ORDERED, ADJUDGED and DECREED:**

  This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members

of the settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Agreement as its Judgment, and orders that the Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs are asserting, among others, claims on behalf of the Plan to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2).  See Mass Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985).

The Court determines that the Settlement, which includes the payment of $2,985,000.00 on behalf of Defendants, has been negotiated vigorously and at arm's length by Class Counsel, with the assistance of former federal Judge Layn R. Phillips, as an independent mediator, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs and the Settlement Class and that the Plan does not have any additional

claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, Plan participants, and Plan beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the notice transmitted to the Settlement Class, pursuant to the Preliminary Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such notice

has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby finally approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as follows:

> All persons who were participants in the Plan at any time between May 6, 2002 and March 17, 2004, and who invested in, or whose accounts held shares of, the Winn-Dixie Stock Fund, excluding any and all Defendants in this Action, and any legal representatives, heirs, predecessors, and assigns of Defendants.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment as Class Counsel Jacqueline Sailer of Murray, Frank, and Sailer, LLP, Scott E. Poynter of Emerson Poynter LLP, and William B. Federman of Federman & Sherwood.

The Court hereby dismisses the Second Amended Complaint (Doc. # 125-2) and the Action against all Defendants with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount (as defined in the Agreement), the Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees. This release shall not bar the Members of the Settlement Class from participating in or benefitting from any judgment, settlement, or recovery arising out of In re: Winn-Dixie Stores, Inc. Sec. Litig., No. 3:04-cv-71-J-33 (M.D. Fla.).

The litigation expenses ($57,602.52) incurred by Class Counsel in the course of prosecuting this action are reasonable. In addition, the $19,000 fee of RSM McGladrey for its work printing and mailing the Settlement Notice, responding to telephone calls from members of the Settlement Class, and for performing allocations of the Settlement Fund pursuant to the plan of allocation shall be paid from the Settlement Fund. Accordingly, Class Counsel are awarded expenses in the gross amount of $76,602.52, to be paid from the Settlement Fund.[3]

The attorneys' fees sought by Class Counsel are hereby awarded in the amount of twenty-six percent (26%) of the $2,985,000 Settlement Fund, plus interest established in this Action, which is

---

[3] On March 20, 2008, Class Counsel filed Plaintiffs' Notice of Filing Invoice Related to Settlement Class Notice and Allocation of Settlement Fund (Doc. # 141). The invoice of RSM McGladrey is dated March 18, 2008, is addressed to Scott Poynter at Emerson Poynter LLP, and seeks payment in the amount of $19,000. (Doc. # 141-1).

reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases.[4]

The Plan of Allocation for the Settlement Fund established pursuant to Paragraphs 23 and 24 of the Agreement is approved as fair, reasonable and adequate.

The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

Without affecting the finality of this Order, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

The Clerk is directed to close cases: 3:04-cv-194-J-33MCR,

---

[4] This fee award is consistent with Camden I Condominium Assoc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991), addressing common fund cases.  Furthermore, in reaching this fee award, this Court considered the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974).

3:04-cv-308-J-33HTS, and 3:04-cv-195-J-33JRK. The Clerk is directed to enter judgment accordingly.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 20th day of March, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record